IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **STORM RECONSTRUCTION SERVICES** § | | **PLAINTIFF** |
| § | | |
| **v.** § | **CIVIL ACTION NO. 1:06CV726-LG-RHW** | |
| § | | |
| **KELLOGG BROWN & ROOT** § | | |
| **SERVICES, INC.** § | | **DEFENDANT** |

**MEMORANDUM OPINION AND ORDER
DENYING MOTION TO DISMISS**

THIS CAUSE COMES BEFORE THE COURT on the Motion to Dismiss [3] filed by the defendant, Kellogg Brown & Root Services, Inc. Upon reviewing the submissions of the parties and the applicable law, the Court finds that the defendant's Motion to Dismiss should be denied.

**FACTS**

Kellogg Brown & Root Services, Inc. ("KBR") and the Department of Navy entered a prime contract in which KBR agreed to provide clean-up services on the Mississippi Gulf Coast following Hurricane Katrina. Thereafter, KBR entered a contract with Storm Reconstruction Services, Inc. ("SRS") in which SRS agreed to assist KBR with the clean-up. After the project was completed, KBR demanded $122,500.00 from SRS for alleged noncompliance with the Service Contract Act, which sets forth minimum wages for employees and subcontractors on certain federal projects. *See* 41 U.S.C. §351. On July 28, 2006, SRS filed suit against KBR, alleging that representatives of KBR had misrepresented that the Service Contract Act did not apply to the clean-up project. KBR has filed a Motion to Dismiss, asserting that venue is not proper in this action pursuant to a forum selection clause in the contract between SRS and KBR, which provided:

Supplementing General Conditions paragraph 9.2, LAWS, the Parties hereto agree

>to subject themselves, heirs, and assigns to the venue and jurisdiction of the Courts of the Commonwealth of Virginia, for any and all legal actions arising under this agreement.

(Exhibit 2 to Defendant's Motion at ¶22).

## DISCUSSION

In order to find whether a forum selection clause requires the parties to litigate in the named forum, a court must first determine whether the forum selection clause is mandatory or permissive. *Caldas & Sons, Inc. v. Willingham*, 17 F.3d 123, 127 (5th Cir. 1994). If the clause is mandatory, the court then determines whether the clause is enforceable. *Willingham*, 17 F.3d at 127. "A mandatory forum selection clause has express language limiting the action to the courts of a specific locale which is clear, unequivocal and mandatory." *Bentley v. Mutual Benefits Corp.*, 237 F. Supp. 2d 699, 701 (S.D. Miss. 2002)(citing *Willingham*, 17 F.3d at 128). Meanwhile, "a permissive forum selection clause authorizes jurisdiction or venue in a selected forum, but does not prohibit litigation elsewhere." *Bentley*, 237 F. Supp. 2d at 701. The Fifth Circuit has explained:

>A party's consent to jurisdiction in one forum does not necessarily waive its right to have an action heard in another. For a forum selection clause to be exclusive, it must go beyond establishing that a particular forum will have jurisdiction and must clearly demonstrate the parties' intent to make that jurisdiction exclusive. It is important to distinguish between jurisdiction and venue when interpreting such clauses. Although it is not necessary for such a clause to use the word "venue" or "forum," it must do more than establish that one forum will have jurisdiction.

*City of New Orleans v. Municipal Administrative Services, Inc.*, 376 F.3d 501, 504 (5th Cir. 2004). In *Bentley*, the Court held that a clause providing "[t]his Agreement shall be construed under the laws of Florida and the parties stipulate to venue in Broward County, " was permissive. *Bentley*, 237 F. Supp. 2d at 701. The Court explained that the parties had merely agreed to a Broward County venue without excluding all other venues, and therefore the clause was

insufficient to render the forum selection clause mandatory. *Id.* at 702.

In the present suit, the parties have agreed to subject themselves to venue in the Commonwealth of Virginia but have not excluded all other venues. Therefore, the forum selection clause is permissive in nature. As a result, venue is proper in this Court, and KBR's Motion to Dismiss will be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Kellogg Brown & Root Services, Inc.'s Motion to Dismiss is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 30th day of May, 2007.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE