IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| STORM RECONSTRUCTION SERVICES, INC. | § § § | PLAINTIFF |
| v. | § § | CIVIL ACTION NO. 1:06CV726-LG-JMR |
| KELLOGG BROWN & ROOT SERVICES, INC. | § § § | DEFENDANT |

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S
MOTION TO COMPEL ARBITRATION AND TO STAY ACTION
<u>PENDING ARBITRATION OR ALTERNATIVELY TO DISMISS</u>**

**BEFORE THE COURT** is the Motion to Compel Arbitration and to Stay Action Pending Arbitration or, alternatively, to Dismiss [19] filed by Defendant, Kellogg Brown & Root Services, Inc. Defendant asserts that this Court should either stay or dismiss this action pending resolution of the parties' dispute via arbitration. However, since the parties did not agree to arbitration, the Court finds that Defendant's Motion should be denied.

**FACTS**

Defendant, Kellogg Brown & Root Services, Inc., and the Department of Navy entered a prime contract in which Defendant agreed to provide clean-up services on the Mississippi Gulf Coast following Hurricane Katrina. Thereafter, Defendant entered a Subcontract with Plaintiff, Storm Reconstruction Services, Inc., in which Plaintiff agreed to assist Defendant with the clean-up. After the project was completed in a timely fashion and Plaintiff had been paid in full pursuant to the Subcontract, Defendant demanded $122,500.00 from Plaintiff for alleged noncompliance with the Service Contract Act, which sets forth minimum wages for employees on certain federal projects. *See* 41 U.S.C. §351. On July 28, 2006, Plaintiff filed this lawsuit, alleging that representatives of Defendant had misrepresented that the Service Contract Act did

not apply to the clean-up project.  Plaintiff seeks a declaratory judgment that it is not liable for any unpaid or underpaid wages.  Defendant filed a Motion to Dismiss for improper venue, asserting:

> Plaintiff is contractually bound to submit all disputes to alternative dispute resolution procedures as a prerequisite to legal action in the Courts of the Commonwealth of Virginia.  To that end, Defendant makes this special appearance to contest venue and does not waive or otherwise relinquish its right to enforce the contractual ADR provisions agreed to by Plaintiff at the appropriate time.

(Def.'s Mot. to Dismiss [3] at 1 n.1).  Defendant's Motion to Dismiss was denied, and Defendant has now filed a Motion to Compel Arbitration and to Stay Action Pending Arbitration or, alternatively, to Dismiss pending arbitration.

## DISCUSSION

The contract between the parties provides:

> 8.2.1  No claim for an adjustment in compensation or in the time of performance by Subcontractor [Plaintiff] shall be considered unless presented to General Contractor's project manager in writing in accordance with 8.3 below within ten (10) days after Subcontractor obtains knowledge of the facts giving rise to the claim.  Subcontractor shall continue to prosecute the Sublet Work pending determination of the claim.
>
> 8.2.2  All claims shall be decided in the first instance by the General Contractor's project manager. If the Subcontractor is dissatisfied with the decision of the project manager, or if the project manager fails to render a decision within thirty (30) days from submission of the claim, the Subcontractor may within the following ten (10) days appeal to the next level of General Contractor's management.   The appeal shall be in writing in accordance with 8.3 below and filed with the project manager.
>
> 8.2.3  In the event the Subcontractor is dissatisfied with the final decision of the General Contractor and the parties are unable to resolve their differences through negotiation, the parties will attempt in good faith to resolve the dispute under agreed Alternate Dispute Resolution (ADR) procedures.

> ADR procedures recommended by the Center for Public Resources, including procedures for Jobsite ADR, will be considered for this purpose. To the extent practicable, all disputes will be resolved during the progress of the Sublet Work.
>
> 8.2.4 The parties desire to resolve any disputes arising out of this Subcontract amicably and without litigation and agree that the foregoing procedural steps and the associated time limits are important to that end. Accordingly, Subcontractor agrees that the filing of a claim within the time prescribed and the pursuit of the procedures outlined above in a timely manner shall be prerequisite in [sic] the filing of any litigation against General Contractor, Owner or Engineer, and that the failure to do so shall constitute a waiver of any legal rights with respect to the subject matter of the claim.
>
> 8.2.5 Unless otherwise directed by the General Contractors, Subcontractor shall continue to perform the Sublet Work pending resolution.

(Ex. 1 to Def.'s Mot.) Defendant asserts that the above language requires the parties to arbitrate any disputes that arise between them.

Courts conduct the following two step inquiry in determining whether parties should be compelled to arbitrate a dispute: (1) the court determines whether the parties agreed to arbitrate the dispute by evaluating whether there is a valid agreement to arbitrate and whether the dispute falls within the scope of the agreement; and (2) if the court finds that the parties agreed to arbitrate, it determines whether any federal statute or policy renders the claims nonarbitrable. *Wash. Mut. Fin. Group, LLC v. Bailey*, 364 F.3d 260, 264 (5th Cir. 2004); *Am. Heritage Life Ins. Co. v. Lang*, 321 F.3d 533, 536 (5th Cir. 2003). "Although there is a strong federal policy favoring arbitration, this federal policy favoring arbitration does not apply to the determination of whether there is a valid agreement to arbitrate between the parties." *Will-Drill Res., Inc. v. Samson Res. Co.*, 352 F.3d 211, 214 (5th Cir. 2003)(internal quotations and citations omitted). The question of whether the parties agreed to arbitrate a dispute is governed by state contract law.

*First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995).  Additionally, the question of whether the parties agreed to arbitrate is a question for a court, not an arbitrator to decide. *Will-Drill Res., Inc.*, 352 F.3d at 219.

In the present lawsuit, the parties dispute whether they agreed to arbitration.  Both parties concede that the Subcontract does not include the term "arbitration," and only provides that "the parties will attempt in good faith to resolve the dispute under agreed Alternate Dispute Resolution (ADR) procedures."  Therefore, this Court must determine whether the parties' agreement to "attempt in good faith to resolve the dispute under agreed Alternate Dispute Resolution procedures" constitutes an agreement to arbitrate, particularly where, as here, the parties agreed that ADR procedures would be a "prerequisite in [sic] the filing of any litigation."[1]

The Federal Arbitration Act does not define the term "arbitration," but the Fifth Circuit has held that a court may supplement federal arbitration law with a state law definition of "arbitration."  *Hartford Lloyd's Ins. v. Teachworth*, 898 F.2d 1058, 1061-62 (5th Cir. 1990).  The parties in the present lawsuit agreed that the Subcontract would be construed pursuant to Texas law.  (Ex. 1 to Def.'s Mot. at GC-8, ¶ 9.2).  The Texas courts have held that an arbitration agreement is an agreement to "divest courts of jurisdiction."  *Standard Fire Ins. Co. v. Fraiman*, 514 S.W.2d 343, 345 (Tex. Civ. App. 1974) (quoting *Scottish Union & Nat. Inc. v. Clancy*, 8 S.W. 630 (Tex. 1888)) (holding that an agreement to an appraisal does not constitute an

---

[1] Plaintiff asserts that this dispute is outside the scope of the parties' agreement to utilize ADR procedures, since this dispute is not a "claim for an adjustment in compensation or in the time of performance by Subcontractor [Plaintiff]."  However, it is not necessary for the Court to address this issue for purposes of this Motion to Compel Arbitration, since the Court finds that there was no agreement to arbitrate.  (Ex. 1 to Def.'s Mot.)  Additionally, it is not necessary for the Court to determine whether this dispute arose out the Subcontract.

agreement to arbitrate because an appraisal does not divest a court of jurisdiction).  Pursuant to Texas law, this Court must examine and consider the entire Subcontract "in an effort to harmonize and give effect to all the provisions of the contract so that none will be rendered meaningless."  *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983).  The Subcontract, when viewed as a whole, does not purport to divest courts of jurisdiction over claims that arise between the parties.  Rather, the Subcontract merely provides that the parties will *attempt* to resolve disputes using ADR, and that ADR will be a *prerequisite* to litigation.  These provisions demonstrate that the parties intended to engage in non-binding ADR, such as mediation, rather than binding arbitration.  As several courts have explained:

> [A]lthough both mediation and arbitration fall under the "alternative dispute resolution" umbrella, arbitration is a binding ADR process and differs significantly from mediation. The most important difference is that when parties agree to binding arbitration, they waive their rights to litigate; whereas parties to non-binding ADR processes preserve their rights to have claims resolved in court.

*Lynn v. Gen. Elec. Co.*, 2005 WL 701270 at *6 (D. Kan. Jan. 20, 2005) (explaining that mediation is a method of nonbinding dispute resolution while arbitration is a binding form of dispute resolution); *see also Salt Lake Tribune Publ'g Co, LLC v. Mgmt. Planning, Inc.*, 390 F.3d 684, 690 n.3 (10th Cir. 2004) ("[A]rbitration involves a third party rendering a decision that settles the dispute between the parties."); *Advanced Bodycare Solutions LLC v. Thione Int'l, Inc.*, 2007 WL 1246024 at *6 (S.D. Fla. Apr. 30, 2007) (holding that an agreement that does not clearly require the parties to arbitrate the dispute through to final decision by the arbiters "does not mesh with the concept of 'arbitration' within the contemplation of the [Federal Arbitration Act]"); *Dluhos v. Strasberg*, 312 F.3d 365, 371 (3d Cir. 2003) (noting that the Federal

Arbitration Act was intended to replace formal litigation with arbitration that resolved a dispute).

Defendant asserts that the Subcontract's reference to ADR procedures recommended by the International Institute for Conflict Prevention & Resolution ("CPR") (formerly known as the Center for Public Resources) demonstrates that the parties agreed to arbitrate disputes. However, CPR has set forth procedures and rules for not only arbitrations, but also for other types of ADR, including mediations and mini-trials. The Subcontract does not specify which type of ADR would be utilized by the parties.

Defendant also argues that the agreement to utilize ADR is sufficient to compel arbitration, since arbitration is one type of ADR. However, "[a]rbitration is 'a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.'" *PaineWebber Inc. v. The Chase Manhattan Private Bank (Switz.)*, 206 F.3d 453, 462 (5th Cir. 2001)(quoting *United Steelworkers of Am. v. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 582 (1960)). Therefore, this Court cannot compel the parties to arbitrate this dispute.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion to Compel Arbitration and to Stay Action Pending Arbitration or, alternatively, to Dismiss [19] filed by Defendant, Kellogg Brown & Root Services, Inc. is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 24th day of October, 2007.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE